### The People of the State of Illinois, Defendant in Error, v. Henry Loverkamp, Plaintiff in Error.

1. CRIMINAL LAW—*section 56 of Criminal Code construed.* To warrant a conviction under section 56 of the Criminal Code it is sufficient if the evidence establish that the conduct of the accused was such as to disturb the peace and quiet of the person named in the information where he was at the time the disturbance took place, even if such place is not in the neighborhood where such person named in the information resides.

2. EVIDENCE—*when question fatally involved.* A question which calls for a yes or no answer is improper where in reality it embodies three separate questions.

Error to the County Court of Massac county; the Hon. LANNIS P. OAKES, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

VAL MULKEY and JAMES C. COURTNEY, for plaintiff in error.

FRED SMITH, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an information filed by the state's attorney of Massac county against plaintiff in error, Henry Loverkamp, containing two counts. The first charged that Loverkamp, on April 6, 1909, wilfully and maliciously disturbed the peace and quiet of George Kruger, by tumultuous and offensive carriage, threatening, traducing, quarreling and challenging to fight. The second, that Loverkamp on October 25, 1909, wilfully disturbed the peace and quiet of the neighborhood of Lewis Kruger by then and there swearing, quarreling, challenging to fight and calling him vile names. The jury found Loverkamp guilty as charged in the information and the court assessed a fine against him of $10 upon each count thereof.

Plaintiff in error has brought the record in this case here for review and asserts that the court below erred in its ruling in regard to the instructions and evidence, also that the proofs fail to show a violation of the law.

The information was based upon section 56 of the Criminal Code which provides that "Whoever wilfully disturbs the peace and quiet of any neighborhood or family, by loud or unusual noises, or by tumultuous or offensive carriage, threatening, traducing, quarreling, challenging to fight or fighting, or whoever shall carry concealed weapons, or in a threatening manner display any pistol, knife, slung shot, brass, steel or iron knuckles or other deadly weapon, shall be fined not exceeding one hundred dollars."

The complaint of plaintiff in error in regard to the instructions is that the court erred in giving certain instructions for the people and in modifying and refusing to give certain others offered by plaintiff in er-

ror.   Certain of these objections are based on the interpretation given to the section of the law above referred to, by the court below.

The evidence showed that George and Lewis Kruger, the parties named in the information, lived several miles from the place where the occurrence complained of took place.   Defendant in error contended that it was sufficient to establish the charge if the conduct of Loverkamp was such as to disturb the peace and quiet of the two Krugers where they were at the time the disturbance took place, while plaintiff in error contended, that in order to warrant a conviction, the conduct of Loverkamp must have been shown to have disturbed the peace and quiet of the neighborhood where the Krugers resided, or if not, then at any rate the proof should have shown that the peace and quiet of the neighborhood, that is of the people residing in the neighborhood, where the trouble actually occurred, was disturbed.   The court adopted the view of the law presented by defendant in error.

The interpretation of the law given by the court below was, we think, correct.   The statute cannot properly be held to mean that if a person is assaulted by another person, who makes use of loud or unusual language, calculated to disturb the peace, the person assaulting is not liable under the statute in question. The language and acts complained of in this case took place in or near the public highway and in every instance was in the presence of other persons in addition to one of the Krugers.   Under such circumstances, we are of opinion that, if the acts were such as those named in the statute, they were sufficient to constitute a disturbance of the peace and quiet of the neighborhood as contemplated by the statute.

Complaint is also made by plaintiff in error that certain instructions offered by him, stating that plaintiff in error was not on trial for making threats or for blasphemy, were refused by the court.   These instructions were properly refused as the information and the

instructions given by the court correctly informed the jury as to the issues to be tried.

Plaintiff in error also complains that the court refused to permit the following question to be answered by George Kruger, one of the complaining witnesses: ''You don't like this man—you are not good friends—hasn't there been an unfriendly feeling between the families for a long time—for years?'' The court properly sustained the objection to this question as it called for ''yes'' or ''no'' for an answer and really contained three questions so that it might have been impossible for the witness to answer by either of those words. The question at most was one which only went to test the credibility of the witness and proof of the matters alleged by George Kruger was amply made by other witnesses besides himself.

This brings us to the consideration of the question whether the evidence in the case was sufficient to support the verdict of guilty, that is to show that plaintiff in error was guilty of the misconduct charged against him beyond a reasonable doubt.

The evidence as disclosed by the record, shows that Lewis Kruger, who had been a road commissioner for many years and was 77 years of age, had undertaken to cut down a hill in front of the house of plaintiff in error, in order to make the public road more level but that being called away on the day the work was to commence, he placed the same in charge of his son George Kruger; that at the end of the first day, about April 6, 1909, when the men had quit work, Loverkamp came out and said he did not want the hill cut down any more, that it was ruining his location; that he told one of the workmen in the absence of Kruger, he would kill the first man that struck a plow or scraper in that hill; that when Kruger and his men came back the next morning, Loverkamp came out and forbade them to work on the road, saying to Kruger, ''George, didn't I tell you not to come back here;'' that Kruger said, ''Henry, let's quit talking and you plow to suit yourself and we will do the scraping;'' that Kruger started

to say something else when Loverkamp, in an angry and threatening manner, placed his right hand on his back pocket, cursed Kruger and said "Don't say it;" that the effect of the language used by plaintiff in error together with his angry and threatening manner, was to cause Kruger and the men with him to quit the work immediately; that several weeks afterwards Lewis Kruger went to see Loverkamp about the work, when the latter began to curse him, also saying that he was not "afraid to kill a man" and that he would "wear the road out" with Kruger; that the conversation commenced in Loverkamp's barn lot but that the latter followed Kruger out on the public highway where he called him a vile name.

It appears to us that the evidence was sufficient to warrant the jury in finding beyond a reasonable doubt that the language used by Loverkamp and his conduct on the occasions mentioned in the evidence, were such as to disturb the peace and quiet not only of the Krugers present but also of the neighborhood and that it warranted the jury in finding the defendant guilty under both counts of the information.

The judgment of the court below will be affirmed.

*Affirmed.*